IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

GREENVILLE DIVISION

| | |
|---|---|
| Alfred Tyrone Walker, ) | |
| ) | Civil Action No. 6:12-1450-MGL-KFM |
| Petitioner, ) | |
| ) | **REPORT OF MAGISTRATE JUDGE** |
| vs. ) | |
| ) | |
| Warden Leroy Cartledge, ) | |
| ) | |
| Respondent. ) | |
| ) | |

The petitioner, a state prisoner who proceeding *pro se*, seeks habeas corpus relief pursuant to Title 28, United States Code, Section 2254.

Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Local Civil Rule 73.02(B)(2)(c) DSC, this magistrate judge is authorized to review post-trial petitions for relief and submit findings and recommendations to the District Court.

## BACKGROUND

The petitioner is currently confined at McCormick Correctional Institution in the South Carolina Department of Corrections ("SCDC"). On March 26, 2001, the petitioner was indicted by the Barnwell County Grand Jury on two counts of murder, burglary in the second degree, assault and battery with intent to kill ("ABWIK"), criminal conspiracy, armed robbery, and possession of a weapon during commission of a violent crime (App. 169-82). Thomas Ray Sims and Glenn Walters, Sr., originally represented him on these charges, with Mr. Sims initially being designated as lead counsel. Mr. Sims was eventually removed based upon a conflict of interest, and Carl B. Grant was appointed as lead counsel to represent the petitioner.

On March 26, 2003, the State served Notice of Intent to Seek the Death Penalty, and it served Notice of Evidence in Aggravation of the Punishment, which was filed on August 15, 2003.

Initially, the petitioner requested a jury trial. However, on March 8, 2005, after trial had begun, the petitioner entered a guilty plea pursuant to *North Carolina v. Alford*, 400 U.S. 25, 31 (1970), to the two murder charges and a traditional guilty plea to the remaining charges before the Honorable Perry M. Buckner.[1] The court ultimately sentenced the petitioner to two consecutive sentences of life without parole for the murders. The court also imposed concurrent sentences of five years for possession of a weapon, 20 years for ABWIK; 30 years for armed robbery; 15 years for burglary in the second degree; and five years for criminal conspiracy (App. 1- 41; 51-97). Mr. Walters represented him at the plea, and Mr. Grant was likewise present. The petitioner timely served and filed a notice of appeal. Chief Attorney Joseph L. Savitz, III, of the South Carolina Commission on Indigent Defense represented him on appeal to the South Carolina Court of Appeals. On October 16, 2006, Mr. Savitz filed a Final *Anders* Brief of Appellant[2] presenting the following issue for review:

> The trial judge erred by advising Walker that he had "the right to appeal this guilty plea and my sentence," since this advice rendered the plea conditional and thus invalid in South Carolina.

(Final *Anders* br. 3). The petitioner filed a *pro se* appellate brief, which was received by the Court of Appeals on October 30, 2006. In the brief, he requested his appeal be dismissed because he felt "it would be in [his] best interest to proceed having [the] case adjudicated

---

[1] The indictment charging the petitioner with unlawful carrying of a pistol was *nolle prossed* as a result of his plea.

[2] *See Anders v. California*, 386 U.S. 738 (1967).

2

in the P.C.R. courts" (*Pro se* br. 2).  On January 10, 2008, the South Carolina Court of Appeals dismissed his appeal and granted his counsel's petition to be relieved (App. 98-99).  The appeals court sent the Remittitur to the Barnwell County Clerk of Court on January 28, 2008.

***First PCR***

On November 15, 2006, the petitioner filed a *pro se* post-conviction relief ("PCR") application (2006-CP-06-277).  He alleged the following grounds for relief in his application:  Ineffective assistance of counsel, involuntary guilty plea, and due process violations (App. 100-06).  On February 1, 2009, the State filed an amended return.

On February 3, 2009, the Honorable Doyet A. Early, III, held an evidentiary hearing at the Aiken County Courthouse.  The petitioner was present at the hearing and was represented by Paige Tiffany.  Assistant Attorney General Mary S. Williams represented the State.  The petitioner testified on his own behalf.  He also presented testimony from his sister, Latasha Bradshaw, and plea counsel, Mr. Walters (App. 107-41).

On March 10, 2009, the PCR court filed an order of dismissal in which it denied relief and dismissed the application with prejudice.  The order addressed the petitioner's claim that his guilty plea was coerced through the actions of his attorneys (App. 146-48). Specifically, the PCR court found that counsel gave credible testimony regarding review with the petitioner of the substantial evidence against him.  The PCR court found that the petitioner's plea was freely and voluntarily made.  The petitioner stated on the record during his plea that he had not been promised anything or threatened into pleading guilty (App. 148).  Based on a review of the record and testimony at PCR, the PCR court found no evidence that the petitioner had been coerced or pressured into a guilty plea (App. 148-49).  The petitioner's collateral counsel did not perfect an appeal from this order.

***Second PCR***

The petitioner filed a second PCR application (2010-CP-06-134) on June 1, 2010, in which he sought "[b]elated appeal of his first PCR action pursuant to *Austin v. State*. 409 S.E.2d 395 (S.C. 1991) . . . . Notice of appeal inadvertently was not filed within 30 days following order of dismissal in above-referenced case" (App. 155). On August 12, 2010, the State filed a return and consent to *Austin* review (App. 161-65).

On September 10, 2010, Judge Early filed a consent order, finding:

> It appearing that counsel for both parties consent to the dismissal of his Application for Post-Conviction Relief and the grant of a belated appeal, and in light of the fact that this Court has not been made aware of any violations of the Applicant's constitutional rights, this Application for Post-Conviction Relief is dismissed.
>
> IT IS THEREFORE ORDERED:
>
> 1. The Application for Post-Conviction Relief is DENIED AND DISMISSED WITH PREJUDICE. Within thirty (30) days of service of this Order, counsel for the Applicant must file a Notice of Appeal to secure the appropriate review of the Applicant's first post-conviction relief action, captioned 2007-CP-45-0440. Counsel and the Applicant are directed *to King v. State*, 308 S.C. 348, 417 S.E.2d 868 (1992) and Rule 243, SCACR, for the appropriate procedure for a belated appeal.

(App. 166-68).

***Belated Appeal***

The petitioner timely served and filed a notice of appeal on October 7, 2010 (App. 183). Deputy Chief Appellate Defender Wanda H. Carter represented him in collateral appellate proceedings. On June 28, 2011, Ms. Carter filed a petition for writ of certiorari, raising the following issue, "The PCR court properly ruled that PCR counsel erred in failing to appeal petitioner's first PCR action" (Pet. for writ of cert. 2). On June 28, 2011,

Ms. Carter also filed a *Johnson* petition for writ of certiorari on behalf of the petitioner pursuant to *Austin v. State* and petitioned to be relieved as counsel. The following issue was presented in the *Johnson* petition:

> Trial counsel erred in coercing petitioner to plead guilty by bringing his close family members to convince him to abandon the trial that was in progress and opt to plead guilty because his decision to plead guilty was based on an emotional whim rather than sound legal advice?

(*Johnson* pet. for writ of cert. 2).

The petitioner did not file a *pro se* response. On August 12, 2011, he served a pleading captioned "Notice And Motion To Hold Appeal In Abeyance," so that the PCR court could rule on a *pro se* Rule 60(b)(1), SCRCrimP, motion attached to the motion for abeyance. On August 23, 2011, the State filed a return and motion to dismiss the petitioner's motion. The State argued that the motion was improper because of the pending *Johnson* petition.

The South Carolina Supreme Court filed an order on November 2, 2011, in which it: (1) denied the petition for remand to review the petitioner's *pro se* Rule 60(b), SCrimP, motion; (2) granted certiorari from Judge Early's second order; (3) dispensed with further briefing and performed an *Austin* review of Judge Early's first order; (4) denied the *Austin* petition; and (5) granted counsel's petition to be relieved. It sent the Remittitur to the Barnwell County Clerk of Court on November 18, 2011.

### Third PCR

On January 25, 2012, the petitioner filed his third PCR application (2012-CP-06-034) in which he made the following claims:

> 1. Here and now comes the Applicant, Alfred T. Walker, contending that the State Supreme Court has violated his 1st and 14th Amendment Constitutional Rights per FED./U.S. and S.C. Constitution.

5

It is the Applicant's position that the State Supreme Court's denial of his petition for remand (see Exhibit K) prohibited Applicant to a full and fair appeal coming from his 1st P.C.R. . . . . *see also Johnson v. State*, 409 S.E.2d 385.

2.   Also, in accordance with the requirements of Rule 227(d)/*Austin v. State*, 409 S.E.2d 385 (1991), the State Supreme Court should have ruled on the questions presented from the previous P.C.R., which was whether or not Applicant's plea was knowingly, voluntarily and intelligently given, for as it is stated in *Austin* ... (a.) When the PCR judge has affirmatively found that the right to appellate review of a previous PCR order was not knowingly and intelligently waived, the petition shall raise this question along with all other questions petitioner seeks to have reviewed from that order.  At the same time this petition is served, petitioner shall serve and file an *Austin* petition addressing the questions from the previous PCR order. . . . .

In Applicant's case, the order sent down from the State['s] highest court addresses none of the issues presented at his P.C.R. hearing leaving minds open as to whether or not Applicant's guilty plea was given before the court knowingly, intelligently and voluntarily. (*see Boykin v. Alabama*).

3.  Furthermore, the Supreme Court denied Applicant his right to exhaust his state court "highest" remedy for federal exhaustion requirements for federal review of the issues. The Applicant re-argues the above grounds set forth in his application. And further argues that the Supreme Court was well aware of SCACR - Rule 208(b), (1)(b) and (D); *Plyler v State*, 424 S.E.2d 477 issues not ruled on [are] precluded from appellate review. . . . Thus, the federal court will not grant habeas relief to a state prisoner where they have failed to exhaust his/her state court highest remedy. *See O'Sullivan v. Boerclcel*, [(sic)] 526 U.S. 838, 1728; 28 U.S.C. § 2254(b)(1) *Id*. . . . .

6

The State made its return and motion to dismiss the petitioner's application on March 14, 2012. The State argued that it was entitled to summary dismissal because the 2012 application was barred by the statute of limitations governing PCR applications, S.C. Code Ann. § 17-27-45(A) (Supp. 2012), and because it was successive, in contravention of S.C. Code Ann. § 17-27-90 (1985) and *Aice v. State,* 409 S.E.2d 392 (S.C. 1991). At the time the respondent filed its return to the petitioner's federal habeas petition at issue before this court, the State's motion to dismiss was still pending.

## **FEDERAL PETITION**

The petitioner's federal habeas petition was received by the McCormick Correctional Institution mailroom on May 30, 2012,[3] and was filed in this court on June 5, 2012 (*see* doc. 1-8). In his petition, which was filed *pro se*, the petitioner makes the following claims:

> **Ground One**: Ineffective assistance of counsel.
> Supporting Facts: Petitioner resubmits copies from attorneys fees transcript where trial counsel admitted that petitioner did not want to plead guilty and that in order to get petitioner to plead they went outside the range of competence (See Exhibit A). Petitioner also submits a copy of a true and accurate Affidavit from a favorable witness testifying to the fact that she and my attorneys were in cahoots to persuade me to plead guilty (Exhibit B).
>
> **Ground Two**: Involuntary guilty plea.
> Supporting Facts: Exhibit B - Affidavit from witness that she did indeed persuade petitioner's plea and Exhibit A - attorneys fees transcript where attorney is on record admitted that petitioner did not want to plead guilty and had asserted his 6th Amendment right to have a trial, but counsel disagreed with petitioner's decision and went behind petitioner's back to manipulate his plea.

---

[3]As the petitioner is a prisoner, he should have the benefit of the holding in *Houston v. Lack*, 487 U.S. 266, 270-71 (1988), which held that a prisoner's pleading is filed at the moment of delivery to prison authorities for forwarding to the District Court.

7

> **Ground Three:** Due process violations.
> Supporting Facts: Petitioner contends that his Sixth Amendment rights were violated because he asserted his right to plead not guilty but his trial counsel ignored that assertion by manipulating his plea - denied due process of law.
>
> **Ground Four:** Third P.C.R. Application alleging 1st and 14th Amendment violations - 2012-CP-06-034.
> Supporting Facts: Petitioner states that the State's highest court should not have denied and dismissed petitioner's case on appeal without allowing petitioner an opportunity to respond to the issues presented in his original P.C.R. Application. Nor should State's highest court had denied Petition for Remand without addressing or establishing the merits of the Affidavit present to the record by Ms. Minnie P. Green.

(Pet. 5-10).

On September 17, 2012, the respondent filed a return and motion for summary judgment. By order filed September 18, 21012, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the petitioner was advised of the summary judgment dismissal procedure and the possible consequences if he failed to adequately respond to the motion. The petitioner filed his response on October 15, 2012, and filed an amendment to his response on March 18, 2013.

## APPLICABLE LAW AND ANALYSIS

Federal Rule of Civil Procedure 56 states, as to a party who has moved for summary judgment: "The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(a). As to the first of these determinations, a fact is deemed "material" if proof of its existence or nonexistence would affect the disposition of the case under the applicable law. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986). An issue of material fact is "genuine" if the evidence offered is such that a reasonable jury might return a verdict for the non-movant. *Id.* at 257. In determining whether a genuine issue has been raised, the court must construe all inferences and

ambiguities against the movant and in favor of the non-moving party. *United States v. Diebold, Inc.,* 369 U.S. 654, 655 (1962).

The party seeking summary judgment shoulders the initial burden of demonstrating to the district court that there is no genuine issue of material fact. *Celotex Corp. v. Catrett,* 477 U.S. 317, 323 (1986).  Once the movant has made this threshold demonstration, the non-moving party, to survive the motion for summary judgment, may not rest on the allegations averred in his pleadings; rather, he must demonstrate that specific, material facts exist that give rise to a genuine issue. *Id.* at 324.  Under this standard, the existence of a mere scintilla of evidence in support of the petitioner's position is insufficient to withstand the summary judgment motion. *Anderson*, 477 U.S. at 252.  Likewise, conclusory allegations or denials, without more, are insufficient to preclude the granting of the summary judgment motion. *Ross v. Communications Satellite Corp.,* 759 F.2d 355, 365 (4th Cir. 1985), *overruled on other grounds,* 490 U.S. 228 (1989).  "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment.  Factual disputes that are irrelevant or unnecessary will not be counted." *Anderson,* 477 U.S. at 248.

The present habeas corpus petition was filed after the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA").  Accordingly, the provisions of the AEDPA apply to this case. *Lindh v. Murphy*, 521 U.S. 320 (1997).  The respondent first argues[4] that the petition is untimely under the one-year statutory deadline set forth in the AEDPA.  This court agrees.  The one-year time period runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of

---

[4]As this court recommends that the petition be dismissed as untimely, the respondent's remaining arguments will not be addressed.

the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A).[5]  However, "[t]he time during which a properly filed application for State post-conviction or collateral relief with respect to the pertinent judgment or claim that is pending shall not be counted toward any period of limitation under this subsection." *Id.* § 2244(d)(2).  State collateral review tolls the one-year statute of limitations under § 2244(d)(1)(A) for properly filed pleadings, *Artuz v. Bennett*, 531 U.S. 4, 8 (2000), but it does not establish a right to file within one year after completion of collateral review. *Harris v. Hutchinson*, 209 F.3d 325, 328 (4th Cir. 2000).

Applying this criteria to the present case, the petitioner did not timely file within the one-year limitations period in § 2244(d)(1)(A).  The petitioner's direct appeal was dismissed by the South Carolina Court of Appeals on January 10, 2008, and the appeals court sent the Remittitur to the Barnwell County Clerk of Court on January 28, 2008. Accordingly, the petitioner's convictions became final on January 28, 2008.[6]  However, he had already filed his first PCR action (2006-CP-06-277) on November 15, 2006.  Thus, the time for filing a federal habeas petition was tolled until the conclusion of the PCR action. This PCR concluded on April 9, 2009, thirty days after the order of dismissal was filed on

---

[5]The statute provides other possible start dates for the one-year time period that are not relevant here.  *See* 28 U.S.C. § 2244(d)(1)(B)-(D).

[6]The respondent argues that the convictions became final on January 25, 2008, when the petitioner failed to file a timely petition for rehearing (doc. 21 at 10).  The respondent notes that as a matter of state appellate court procedure, the failure to file a petition for rehearing precluded the petitioner from seeking relief in the state supreme court. *See* Rule 242(d), SCACR ("Only those questions raised in the Court of Appeals and in the petition for rehearing shall be included in the petition for writ of certiorari as a question presented to the Supreme Court").  He was required to file a petition for rehearing with the state court of appeals within fifteen days of the opinion. *See* Rule 221(a), SCACR ("Petitions for rehearing must be actually received by the appellate court no later than fifteen (15) days after the filing of the opinion, order, judgment, or decree of the court.").  Thus, the respondent argues that the convictions became final when the petitioner failed to comply with this requirement. *See Gonzalez v. Thaler,* 132 S.Ct. 641, 653-54 (2012) (State court judgment became final, thereby commencing one-year limitations period under AEDPA for filing of federal habeas petition by state prisoner, who had pursued a direct appeal of his murder conviction in state's intermediate appellate court but had not pursued discretionary review in state's highest court after intermediate appellate court had affirmed his conviction, when the time for seeking discretionary review in state's highest court expired).  The undersigned is using the later date to give the petitioner the benefit of the doubt, although it has no real effect here.

10

March 10, 2009, since this was the last day for him to serve a notice of appeal from that order. *See* Rule 203(b)(1) SCACR.

As noted above, the petitioner filed a second PCR application (2010-CP-06-134) on June 1, 2010, in which he sought a belated appeal of his first PCR pursuant to *Austin v. State*, 409 S.E.2d 395 (S.C. 1991) (App. 155). Because the petitioner did not timely appeal the dismissal of his first PCR application, there was no PCR proceeding pending between the conclusion of the first PCR action on April 9, 2009, and the filing of the second PCR application on June 1, 2010. As a result, 418 days of non-tolled time passed between the conclusion of his first PCR proceeding and the filing of his second PCR application. Thus, the limitations period in § 2244(d)(1) had expired by the time the petitioner filed his second PCR application.

The court is mindful of the Supreme Court's opinion in *Jimenez v. Quarterman*, 555 U.S. 113 (2009), which held that when a state court grants a criminal defendant the right to file an out-of-time *direct* appeal during collateral review before defendant has first sought habeas relief, the date of finality of the conviction and the commencement of the limitations period is the conclusion of the out-of-time direct appeal, or the expiration of time for seeking review of that appeal. *Jimenez* emphasized that its decision is a narrow one limited to construing the language in Section 2244(d)(1)(A) that points to the conclusion of direct appellate review in state court. Section 2244(d)(2) governs the tolling of the statute of limitations during the pendency of PCR proceedings. Therefore, a subsequent motion for a belated appeal of a state PCR action does not retroactively toll the statute back to the filing date of the original PCR. *See Clayton v. Bryant*, C.A. No. 8:12-cv-878-RBH*, 2013 WL 1187030*, at *3 (D.S.C. March 20, 2013)*; Golden v. McCall*, C.A. No. 9:08–3469–TLW–BM, 2010 WL 146164, at *5 n.16 (D.S.C. Jan. 8, 2010).

Further, the proceedings in connection with the belated appeal of the first PCR action concluded on November 18, 2011, when the state supreme court sent the Remittitur

11

to the Barnwell County Clerk of Court. Using the date of May 30, 2012, (the date the petitioner's federal habeas petition was received by the McCormick Correctional Institution) as the *Houston v. Lack*, 487 U.S. 266 (1987) "delivery" date for his *pro se* petition, another 194 days ran between the conclusion of the belated appeal and the filing of the federal petition, for a total of 612 days of non-tolled time since the petitioner's convictions became final.

The petitioner filed a third PCR application (2012-CP-06-034) on January 25, 2012. By this point, the statute of limitations in § 2244(d)(1) had run. The third PCR application was untimely and not "properly filed" and thus cannot toll the federal habeas statute of limitations. *See Artuz v. Bennett*, 531 U.S. 4, 8 (2000)*; Pace v. DiGuglielmo*, 544 U.S. 408, 417 (2005). Moreover, even if the third PCR application had been properly filed and could toll the statute of limitations, the current federal petition would still be untimely as the time period for filing the federal habeas petition had already expired when the third PCR application was filed.

The AEDPA statute of limitations is subject to equitable tolling in appropriate cases. *Holland v. Florida*, 130 S.Ct. 2549, 2560 (2010)*; Harris v. Hutchinson*, 209 F.3d 325, 329-30 (4th Cir. 2000)." To be entitled to equitable tolling, [the petitioner] must show (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstances stood in his way and prevented timely filing." *Lawrence v. Florida*, 549 U.S. 327, 336 (2007). Equitable tolling "must be reserved for those rare instances where - due to circumstances external to the party's own conduct - it would be unconscionable to enforce the limitation period against the party and gross injustice would result." *Harris*, 209 F.3d at 330.

The petitioner argues that his original PCR counsel was ineffective by failing to timely file a notice of appeal of his first PCR action, and thus he is entitled to equitable tolling (doc. 27 at 3-5). Judge Early found in the consent order entered in the petitioner's second PCR action that the petitioner's counsel's failure to timely file a notice of appeal in

12

the first PCR action "was through inadvertence" (App. 167). Here, even assuming that PCR counsel's failure to timely file a notice of appeal in the first PCR action constitutes extraordinary circumstances, the petitioner has not presented evidence that he was diligently pursuing his rights. As argued by the respondent, there is no evidence that the petitioner wrote collateral counsel or made any other effort to secure an appeal from the original order of dismissal in the first PCR action until after 418 days had elapsed. The petitioner argues in his response in opposition to the motion for summary judgment that his diligence is shown because "[w]hen no one notified him about the key developments in his case, (Clerk of Court, Attorney or Judge Doyet Early's office), he got in contact with attorney who immediately moved to set things correct. (See Ex. B)" (doc. 27 at 6). The exhibit referenced by the petitioner is a letter dated August 3, 2011, from his counsel in the first PCR action responding to a letter from the petitioner dated July 5, 2011 (doc. 27-2 at 9). However, at that point, the belated appeal of the petitioner's first PCR action was already proceeding (*see* App. 183 (notice of appeal filed October 7, 2010)). Additionally, the petitioner waited another 194 days after the conclusion of the belated appeal before filing his federal habeas petition. Based upon the foregoing, the petitioner is not entitled to equitable tolling, and his petition is barred by § 2244(d)(1).

## **CONCLUSION AND RECOMMENDATION**

Wherefore, based upon the foregoing, it is recommended the respondent's motion for summary judgment (doc. 22) be granted. *See Rouse v. Lee*, 339 F.3d 238, 257 (4th Cir. 2003)(affirming dismissal of petition filed one day late), *cert. denied*, 541 U.S. 905 (2004).

s/ Kevin F. McDonald<br>
United States Magistrate Judge

April 19, 2013
Greenville, South Carolina

13

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> 300 East Washington St, Room 239
> Greenville, South Carolina 29601

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).