UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| Alfred Tyrone Walker, ) | Civil Action No.: 6:12-1450-MGL |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | **OPINION AND ORDER** |
| ) | |
| Warden Leroy Cartledge, ) | |
| ) | |
| Respondent. ) | |
| _____ ) | |

Petitioner Alfred Tyrone Walker ("Petitioner"), a state prisoner confined at McCormick Correctional Institution in McCormick, South Carolina filed this Petition for a Writ of Habeas Corpus ("Petition") pursuant to 28 U.S.C. § 2254 on May 30, 2012.[1] (ECF No. 1.) Respondent filed a Return and a Motion for Summary Judgment. (ECF Nos. 21 & 22.) The case was referred to United States Magistrate Judge Kevin J. McDonald for pretrial handling pursuant to the provisions of 28 U.S.C. § 636(b) and Local Rule 73.02 (B)(2)(c) for the District of South Carolina.

This matter now comes before the court for review of the Report and Recommendation ("Report") of the magistrate judge issued on April 19, 2013. (ECF No. 36.) In the Report, the magistrate judge recommends that Respondent's Motion for Summary Judgment be granted and that the Petition be denied as not timely filed and not subject to equitable tolling. Petitioner filed objections to the Report. (ECF No. 38.) For the reasons set forth below, the court adopts the magistrate judge's Report and grants

---

[1]This filing date reflects that the envelope containing the petition was stamped as having been received on May 30, 2012, by the South Carolina Department of Corrections. (ECF No.1-2.) *Houston v. Lack,* 487 U.S. 266 (1988) (holding prisoner's pleading is considered filed when filed with prison authorities for forwarding to the district court).

Respondent's Motion for Summary judgment.

## BACKGROUND AND PROCEDURAL HISTORY

The Report sets forth in detail the relevant facts and standards of law on this matter, and the court incorporates them and summarizes below in relevant part. On March 26, 2011, the Barnwell County Grand Jury charged Petitioner with two counts of murder, burglary in the second degree, assault and battery with intent to kill ("ABWIK"), criminal conspiracy, armed robbery, and possession of a weapon during commission of a violent crime. On March 26, 2003, the State served Notice of Intent to Seek the Death Penalty, and it served Notice of Evidence in Aggravation of the Punishment. On March 8, 2005, a day after Plaintiff's jury trial had begun, he plead guilty pursuant to *North Carolina v. Alford*, 400 U.S. 25, 31 (1970), to the two murder charges and entered traditional guilty pleas to the remaining charges. The court sentenced Petitioner to two consecutive sentences of life without parole for the murders and imposed concurrent sentences of five years for possession of a weapon; 20 years for ABWIK; 30 years for armed robbery; 15 years for burglary in the second degree; and five years for criminal conspiracy. Petitioner filed a timely notice of appeal but later moved to withdraw it. On January 10, 2008, the South Carolina Court of Appeals dismissed his appeal. The appeals court sent the remittitur to the Barnwell County Clerk of Court on January 28, 2008.

### A. First PCR Application

On November 15, 2006, Petitioner filed a *pro se* post-conviction relief ("PCR") application alleging *inter alia* ineffective assistance of counsel, involuntary guilty plea, and due process violations. Petitioner was represented by Paige Tiffany at the evidentiary

2

hearing on this Petition. On March 10, 2009, the PCR court denied relief and dismissed the application. Petitioner's counsel did not perfect an appeal from this order of dismissal.

**B. Second PCR Application**

On June 1, 2010, Petitioner filed a second PCR application seeking a belated appeal of his first PCR application pursuant to *Austin v. State*, 409 S.E.2d 395 (S.C. 1991). The court entered a consent order dismissing the Second PCR application and granting a belated appeal of Petitioner's first PCR application.

**C. Belated Appeal**

On October 7, 2011, Petitioner filed a notice of appeal of the court's denial of his first PCR application. The South Carolina Supreme Court denied Petitioner's appeal on November 2, 2011,[4] and the Remittitur was sent to the Barnwell Clerk of Court on November 18, 2011.

**D. Third PCR Application**

On January 25, 2012, Petitioner filed a third PCR application which was still pending when Petitioner filed the instant Habeas Corpus Petition with this court.

**E. Federal Habeas Petition**

Petitioner's federal Habeas Corpus Petition was filed in this court on June 5, 2012. In the Petition, he alleges various causes of action including ineffective assistance of counsel and involuntary guilty plea.

Respondent filed a Motion for Summary Judgment on September 17, 2012 asserting that the Petition was time barred by 28 U.S.C. § 2244(d)(1)(A). The magistrate judge recommends granting Respondent's Motion for Summary Judgment. The magistrate judge

did not address the merits of Petitioner's claims finding that Petitioner's federal habeas petition was untimely.  Petitioner objects to the recommendation.

## STANDARD OF REVIEW

Petitioner appears *pro se* in this case. Federal district courts are charged with liberally construing petitions filed by *pro se* litigants to allow for the development of a potentially meritorious case. *See Hughes v. Rowe*, 449 U.S. 5, 9–10, 101 S.Ct. 173, 66 L.Ed.2d 163 (1980). *Pro se* petitions are therefore held to a less stringent standard than those drafted by attorneys.  *See Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir.1978). Liberal construction, however, does not mean that the court may ignore a clear failure in the pleading to allege facts that set forth a cognizable claim.  *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir.1990).

This court is charged with conducting a *de novo* review of any portion of the magistrate judge's Report to which specific, written objections are made. 28 U.S.C. 636(b)(1).  The court may adopt the portions of the Report to which the petitioner did not object, as a party's failure to object is accepted as agreement with the conclusions of the magistrate judge.  *Thomas v. Arn*, 474 U.S. 140, 149–50, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985).  The recommendation of the magistrate judge carries no presumptive weight, and it is this court's responsibility to make a final determination.  *Mathews* v. Weber, 423 U.S. 261, 270–71, 96 S.Ct. 549, 46 L.Ed.2d 483 (1976).

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) provides relief to a person in custody pursuant to the judgment of a state court if the custody is "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). AEDPA imposes a one-year statute of limitations period that begins to run on the date a

4

petitioner's conviction becomes final. *Id.* § 2244(d)(1); *Harris v. Hutchinson*, 209 F.3d 325, 327 (4th Cir.2000). The time during which a properly filed application for collateral review is pending does not count towards the statute of limitations. 28 U.S.C. § 2244(d)(2); *Pace v. DiGuglielmo*, 544 U.S. 408, 417–18, 125 S.Ct. 1807, 161 L.Ed.2d 669 (2005).

Summary judgment shall be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(a). Where a party "fails to make a showing sufficient to establish the existence of an element essential to his case," Rule 56(a) mandates entry of summary judgment against that party. *Celotex v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). In deciding whether there is a genuine issue of material fact, the evidence is viewed in the light most favorable to the non-moving party with all justifiable inferences drawn in its favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986).

## **DISCUSSION**

Respondent asks the court to grant summary judgment in his favor and asserts that Petitioner is not entitled to equitable tolling and that his claims are barred by the Anti-Terrorism and Effective Death Penalty Act ("AEDPA"), 28 U.S.C. § 2244(d). (ECF No. 21.) Further, Respondent maintains that Petitioner "cannot show that he was 'reasonably diligent' in pursuing his rights" which is the "diligence required for equitable purposes." (ECF No. 21 at 17.) Upon review, the magistrate judge recommends that the court grant Respondent's Motion for Summary Judgment because Petitioner's claims are barred by the one-year statute of limitations set forth in the AEDPA. The magistrate judge further concludes that the statute of limitations should not be equitably tolled. Petitioner objects

5

to the magistrate judge's recommendation.

Petitioner contends that the magistrate judge erred in finding that Petitioner is not entitled to equitable tolling and that his Petition is time barred pursuant to 28 U.S.C. § 2244(d)(1)(A).  Petitioner's objections appear to assert an ineffective assistance of counsel claim against his first PCR attorney.  Petitioner asserts that he was not informed that his first PCR attorney failed to appeal the denial of his PCR application and that his first PCR attorney's conduct was external to Petitioner's conduct.  Thus, Petitioner asserts that it would be unconscionable to enforce the limitation period against him. (ECF No. 38 at 3.) The court disagrees

The United States Supreme Court has held that the AEDPA's one-year limitations period is subject to equitable tolling. *Holland v. Florida*,___U.S.___, 130 S.Ct. 2549, 177 L.Ed.2d 130 (2010).  A petitioner seeking equitable tolling bears the burden of establishing (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way. *Pace v. DiGuglielmo*, 544 U.S. 408, 418, 125 S.Ct. 1807, 161 L.Ed.2d 669 (2005) (citation omitted).  Equitable tolling is available only in "those rare instances where-due to circumstances external to the party's own conduct-it would be unconscionable to enforce the limitation period against the party and gross injustice would result." *Rouse v. Lee*, 339 F.3d 238, 246 (4th Cir.2003) (en banc) (quotation marks omitted), *cert. denied*, 516 U.S. 832, 116 S.Ct. 107, 133 L.Ed.2d 60 (2004). The Fourth Circuit Court of Appeals indicated in *Harris v. Hutchinson*:

> [A]ny invocation of equity to relieve the strict application of a statute of limitations must be guarded and infrequent, lest circumstances of individualized hardship supplant the rules of clearly drafted statutes.  To apply equity generously would loose the rule of law to whims about the adequacy of excuses, divergent responses to claims of hardship, and

6

> subjective notions of fair accommodation. We believe, therefore, that any resort to equity must be reserved for those rare instances where-due to circumstances external to the party's own conduct-it would be unconscionable to enforce the limitation period against the party and gross injustice would result.

209 F.3d 325, 330 (4th Cir.2000). For example, courts have held that "unfamiliarity with the legal process, lack of representation, or illiteracy does not constitute grounds for equitable tolling." *Burns v. Beck*, 349 F.Supp.2d 971,974 (M.D.N.C.2004) (*citing Harris*, 209 F.3d at 330–31). "Likewise, mistake of counsel does not serve as a ground for equitable tolling . . . Nor are prison conditions, such as lockdowns or misplacement of legal papers, normally grounds for equitable tolling." *Id.*; *see also Sosa*, 364 F.3d 507 (noting that ignorance of the law is not a basis for equitable tolling); *Jones v. South Carolina*, 2006 WL 1876543, *3 (D.S.C. June 30, 2006) ("Other courts addressing equitable tolling have found that 'extraordinary circumstances' are not: having an inadequate law library, attorney error, claims of actual innocence, reliance on other inmates' advice, ignorance of the AEDPA filing deadline, or even (in some instances) petitioner illness.") (emphasis in original) (unpublished).

Here, while the court does not condone Petitioner's PCR counsels' conduct toward Petitioner, the court cannot find that PCR counsel's conduct made it impossible for Petitioner to timely appeal the denial of his first PCR petition. *See Harris v. Hutchinson*, 209 F.3d 325, 330 (4th Cir.2000). As noted by the Magistrate Judge, there is no evidence in the record that Petitioner contacted first PCR counsel after the conclusion of his first PCR hearing to determine the decision of the PCR court and to thus secure an appeal from the original order of dismissal until 418 days had elapsed. Similarly, Petitioner took no

action until 194 days after the South Carolina Supreme Court dismissed the belated appeal of the denial of his first PCR application before filing his federal habeas petition. Thus, even if the failure to file a direct appeal or timely appeal of the denial of the first PCR application constitutes extraordinary circumstances, Petitioner has not presented evidence that he was diligently pursuing his rights. Thus, the court finds equitable tolling is not warranted

Petitioner also contends that he is entitled to relief based on the case of *Martinez v. Ryan*, ___U.S. ____, 132 S.Ct. 1309, 182 L.Ed.2d 272 (2012), that "was ruled on by the U.S. Supreme Court in March of 2012." In *Martinez*, the Supreme Court held that a habeas corpus petitioner asserting claims for ineffective assistance of counsel can demonstrate sufficient cause to excuse a procedural default upon a showing that counsel in the initial-review collateral proceeding was ineffective in failing to raise a claim that should have been raised below. *See Martinez*, 132 S.Ct. at 1318 (internal citations omitted). However, Petitioner's reliance on *Martinez* is misplaced. *Martinez* neither created a new constitutional right nor made one retroactively applicable to Petitioner's case, whose conviction became final 612 days before he filed his § 2254 Petition[2]. *See Coleman v. Sauers*, No. 12–2725, 2012 WL 4206287, at *3 n. 7 (E.D.Pa. July 26, 2012) (finding that *Martinez* did not describe a constitutional right or "make it retroactively applicable"). Since Petitioner fails to demonstrate a basis for equitable tolling, his Petition for Habeas relief is dismissed is untimely.

---

[2]418 days of non-tolled time passed between the conclusion of Petitioner's first PCR application and the filing of his second PCR application. An additional 194 days ran between the conclusion of his belated appeal of his first PCR application and the filing of his federal petition.

8

**CONCLUSION**

The court has reviewed the applicable law, the magistrate judge's Report, Petitioner's objections, and the record and is satisfied that the magistrate judge rightly determined that Petitioner has no claim for relief under § 2254.  Based on the forgoing the court overrules Plaintiff''s objections and adopts and incorporates the Report and Recommendation of the magistrate judge.  For the reasons set forth herein and in the thorough Report of the magistrate judge, Respondent's motion for summary judgment is GRANTED and the Petition for Habeas Corpus relief is DISMISSED.

**CERTIFICATE OF APPEALABILITY**

The law governing certificates of appealability provides that:

© (2) A certificate of appealability may issue . . . if the applicant has made a substantial showing of the denial of a constitutional right.

© (3) The certificate of appealability . . . shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253©.  A prisoner satisfies this standard by demonstrating that reasonable jurists would find this court's assessment of his constitutional claims is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. *See Miller–El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir.2001).  In this case, the legal standard for the issuance of a certificate of appealability has not been met.

**IT IS SO ORDERED.**

/s/Mary G. Lewis
United States District Judge

9

August 26, 2013
Spartanburg, South Carolina

.